United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

Filed July 13, 2001

No. 99-5430

Eric Eldred, et al.,
Appellants

v.

John Ashcroft, In his official capacity as Attorney General,
Appellee

On Petition for Rehearing

---------

Before: Ginsburg, Sentelle and Henderson, Circuit Judges.

Opinion for the Court filed by Circuit Judge Ginsburg.*

Ginsburg, Circuit Judge: The plaintiffs-appellants in this case, corporations, associations, and individuals who rely for their vocations and avocations upon works in the public domain, have petitioned for rehearing and filed a suggestion for rehearing en banc. They renew their contentions that the Copyright Term Extension Act of 1998 (CTEA), Pub. L. No.

_____

* Circuit Judge Sentelle dissents from the denial of rehearing.

105-298, 112 Stat. 2827, violates both the First Amendment and the Copyright Clause of the Constitution of the United States.

The plaintiffs-appellants further complain that this court erred in its treatment of the contentions advanced by one of the amici. We are not persuaded. The district court's rejection of the plaintiffs-appellants' constitutional attack followed from its conclusion, in the light of our decision in Schnapper v. Foley, 667 F.2d 102, 112 (1981), that "[t]he introductory language of the copyright clause does not limit [the Congress's] power." Upon appeal, the plaintiffs-appellants did not challenge that determination; rather, they maintained only that the substantive grant of power in the Copyright Clause -- authorizing the Congress to grant copyrights for "limited Times" -- does not authorize the Congress to extend the terms of copyrights as it did in the CTEA. In sharp contrast, an amicus contended that the CTEA violates the preamble to the Copyright Clause because extending the term of a subsisting copyright does not "promote the Progress of Science and useful Arts."

As we stated in Part III of our opinion, 239 F.3d 372, 378 (2001), the court deems it "particularly inappropriate" in this case to reach the merits of the amicus's position. To elaborate: First, in their brief the plaintiffs-appellants themselves took the position, diametrically opposed to that of the amicus, "that the preamble of the Copyright Clause is not a substantive limit on Congress' legislative power"; when expressly offered the opportunity at oral argument to adopt the position of the amicus, the plaintiffs-appellants did not do so. Therefore, even if we were to read the plaintiffs-appellants' brief broadly as raising the issue whether the Copyright Clause as a whole -- including both the preamble and the grant of authority -- renders the CTEA unconstitutional, following the lead of the Supreme Court we would still not reach what would then be the supporting argument of the amicus. See New Jersey v. New York, 523 U.S. 761, 781 n.3 (1998) (although arguments of amici and party stem from same article of compact, court "must pass over the arguments of the named amici for the reason that ... the party to the

case[ ] has in effect renounced them, or at least any benefit they might provide"); see also Amax Land Co. v. Quarterman, 181 F.3d 1356, 1367 (D.C. Cir. 1999) (remanding where the parties "request[ed] us to remand to the district court for consideration of [legal] issue," whereas "the amicus' prefer[red] that we resolve it" ourselves, which we could readily have done); Narragansett Indian Tribe v. Nat'l Indian Gaming Comm'n, 158 F.3d 1335, 1338 (D.C. Cir. 1998) ("Because we ordinarily do not entertain arguments not raised by parties ... we consider only the [party's] equal protection challenge" where amicus filed brief "supporting [party's] equal protection claim and reiterating its separation of powers and bill of attainder arguments"); Michel v. Anderson, 14 F.3d 623, 625 (D.C. Cir. 1994) (court ordinarily "would not entertain an amicus' argument if not presented by a party").

Second, the point advanced by the amicus -- that the preamble of the Copyright Clause is a substantive limitation upon the power of the Congress -- implicates discrete terms of the Clause that are not otherwise at issue. In that sense it poses an additional constitutional question, subject to the "rule of avoidance"; and there can hardly be a better reason to avoid a constitutional question than that the parties are in agreement. See, e.g., Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 346 (1936) (Brandeis, J., concurring) ("Court will not 'anticipate a question of constitutional law in advance of the necessity of deciding it' ").

Third, because the plaintiffs-appellants did not take the same tack as the amicus, the Government did not on brief address the district court's interpretation of this court's decision in Schnapper. See New Jersey v. New York, 523 U.S. at 781 n.3. Therefore, our usual concern with "avoid[ing] unnecessary or premature constitutional rulings," here as in Harmon v. Thornburgh, 878 F.2d 484, 494 (D.C. Cir. 1989), "is heightened by the absence of meaningful argument by the parties on this question."

Finally, as explained in Part III of the opinion, id. at 378-80, even if we considered the amicus's position we would not reach a different result in this case: Regardless whether, as

the amicus contends, the preamble limits the power of the Congress, the CTEA still passes muster under the "necessary and proper review" applicable to the Congress's "exercise of a power enumerated in Article I." 239 F.3d at 378. The Congress found that extending the duration of copyrights on existing works would, among other things, give copyright holders an incentive to preserve older works, particularly motion pictures in need of restoration. Id. at 379. "Preserving access to works that would otherwise disappear -- not enter the public domain but disappear -- 'promotes Progress' as surely as does stimulating the creation of new works." Id.

    We reject the plaintiffs-appellants' challenge under the First Amendment for the reasons stated in the prior opinion. Accordingly, the petition for rehearing is

                                                                         Denied.

United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

Filed on: July 13, 2001

No. 99-5430

Eric Eldred et al.,
Appellants

v.

John Ashcroft, In his official capacity as Attorney General,
Appellee

---------

BEFORE: Edwards, Chief Judge, Williams, Ginsburg, Sentelle, Henderson, Randolph, Rogers, Tatel, and Garland, Circuit Judges.

O R D E R

Appellants' petition for rehearing en banc and the response thereto have been circulated to the full court. The taking of a vote was requested. Thereafter, a majority of the judges of the court in regular active service did not vote in favor of the petition. Upon consideration of the foregoing, it is

ORDERED that the petition be denied.

Per Curiam

FOR THE COURT:
Mark J. Langer, Clerk

A statement of Circuit Judge Sentelle, joined by Circuit Judge Tatel, dissenting from the denial of rehearing en banc is attached.

Sentelle, Circuit Judge, dissenting from the denial of rehearing en banc, with whom Circuit Judge Tatel joins: In my view, the decision in this case is not only incorrect, but is worthy of en banc review on both circuit-specific procedural grounds and fundamental constitutional grounds.

First, procedurally, the Court's opinion in this case effectively eliminates any role for amicus curiae in the practice of this circuit, when it holds that an argument raised by an amicus may not be considered by the Court. See Eldred v. Reno, 239 F.3d 372, 378 (D.C. Cir. 2001). There is no dispute that an amicus curiae may not raise new issues in an appeal. Rather, the role of an amicus is to assist the court in addressing the issues already raised with new arguments and perspectives. In this case, the issue before the Court was, in the panel's words, "whether ... the Copyright Clause of the Constitution of the United States constrains the Congress from extending for a period of years the duration of copyrights, both those already extant and those yet to come." Eldred, 239 F.3d at 373. The amicus brief submitted on behalf of Eagle Forum addressed this issue more persuasively than did appellants. But amicus did not "expand the scope" of the appeal by "implicat[ing] issues" not raised by the appellant. See Resident Council of Allen Parkway Vill. v. HUD, 980 F.2d 1043, 1049 (5th Cir. 1993) ("We are constrained only by the rule that an amicus curiae generally cannot expand the scope of an appeal to implicate issues that have not been presented by the parties to the appeal." (emphases added)). Rather, as the majority noted, amicus adopted a different "argument." Eldred, 239 F.3d at 378. A new "argument" is not a new "issue." This is clear from our circuit's rules. Specifically, an amicus brief "must avoid repetition of facts or legal arguments made in the principal (appellant/petitioner or appellee/respondent) brief and focus on points not made or adequately elaborated upon in the principal brief, although relevant to the issues before this court." Circuit Rule 29. The role of amici is to help in this process, by elaborating upon arguments made by the parties and presenting arguments of their own that bear upon the issues raised by the parties themselves. See White v. Illinois, 502 U.S. 346, 352 (1992) ("We consider as a preliminary

matter an argument not considered below but urged by the United States as amicus curiae in support of respondent.").

"When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law." Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90, 99 (1991); see also United States Nat'l Bank of Oregon v. Indep. Ins. Agents of Am. Inc., 508 U.S. 439, 446 (1993) (same). Merely because the parties fail to advance the proper legal theory underlying their claim does not--indeed cannot--prevent a court from arriving at the proper legal disposition. Once the issue is raised, a court has an obligation to determine what the law is which will govern the case at hand. This is so irrespective of whether amici curiae enter an appearance. As it happened, Eagle Forum submitted an amicus curiae brief augmenting appellants' position by making a different argument on the issue before the Court, and at least one member of the panel found it persuasive. Even if the majority did not find amicus's argument compelling, it was properly before the Court.

The majority holds that the "argument" raised by one amicus was "not properly before" this Court because it was effectively renounced by appellants. Eldred, 239 F.3d at 378. This claim is not supported by the record. The relevant amicus brief was submitted some two weeks after appellants' opening brief. Insofar as the oral argument transcript shows anything at all, it illustrates that appellants had not explicitly adopted amicus's arguments in brief but had no problem taking advantage of amicus's argument.1

_____

1  The relevant portion of the transcript reads as follows:

THE COURT:  Have you adopted any point--any arguments that appear in any of these amicus briefs?  Or maybe--I don't remember--there is more than one, but in any brief other than your own?

LESSIG:  Well, in particular, Mr. Jaffe's brief is a brief that makes textualist arguments that we believe are quite strong in this way.

The language of New Jersey v. New York, 523 U.S. 767, 781 n.3 (1998), might be taken to suggest that a court must "pass over ... arguments" raised only by an amicus, but I believe that this is a misreading of the case.  In New Jersey, the Court noted that only amici took issue with the special master's conclusion affirming the Court's prior holding that "the 'boundary line' between the States established in Article First [of the Interstate Compact]" was the line of sovereignty between the states.  Id. at 781.  In other words, the amici, and only the amici, sought to overturn Supreme Court precedent.  Additionally, insofar as the amici sought to make an exception to the special master's finding with regard to Article First of the compact, it sought to obtain the Court's judgment about a matter about which there was no present controversy.  See United States v. Louisiana, 446 U.S. 253, 260-61 (special master's recommendation not subject to ex-

ception by either party accepted by Court due to lack of "present controversy"), reh'g denied, 447 U.S. 930 (1980). Thus, even though the Court used the word "argument" to characterize the claims put forward by amici, they were raising issues beyond the purview of the case before the Court.

    Contrary to the suggestion of the panel majority, appellants' argument did implicate the "preamble" of the Copyright Clause, just not in the same fashion as amicus. Appellants stipulated to the reading postulated by the district court, as the panel majority notes. Appellants' Opening Brief at 29 n.15. Yet in the very footnote cited by the panel majority, appellants claimed that the remaining portions of the Copyright Clause must be read "in light of th[e] preamble." Id. Contrary to my colleagues' suggestion, this Court was not asked to "anticipate" a question of constitutional law, but to decide a very discreet question--whether the CTEA exceeds the grant of power in the Copyright Clause. Wheth-

---

    THE COURT:  Is there any place in which you have adopted them, in your briefs?

    LESSIG:  We formally acknowledge them in our briefs.  I don't believe we have, Your Honor, no.

er appellants asked this Court to recognize that the so-called "preamble" is in fact the enumerated power, or merely to read the rest of the clause "in light of that preamble" should be immaterial. Indeed, the Supreme Court noted long ago that the words of the Copyright Clause should be read "with the words and sentences with which it stands connected." Wheaton v. Peters, 33 U.S. (8 Peters) 591, 661 (1834); see also Postmaster-General v. Early, 25 U.S. (12 Wheat.) 136, 152 (1827) (it is a "cardinal rule of construction" that "the whole law is to be taken together, and one part expounded by any other which may indicate the meaning annexed ... to ambiguous phrases").

   Under the panel's holding, it is now the law of this circuit that amici are precluded both from raising new issues and from raising new arguments. If allowed to stand, this holding will effectively bar future amici from adding anything except possibly rhetorical flourish to arguments already outlined and embraced by the parties. This is particularly the case for those amici who, true to their traditional role as "friends of the court," operate independently to assist the Court in its determinations. If this Court is to adopt such a rule--and I hope we do not--we should do so sitting en banc, not by a divided panel.

   Second, and more importantly, the Court's construction of the Copyright Clause of the Constitution renders Congress's power under Art. I, s 8, cl. 8, limitless despite express limitations in the terms of that clause. The clause grants to Congress the "power ... [t]o promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive rights to their respective writings and discoveries...." Under the Court's decision herein, Congress may at or before the end of each such "limited period" enact a new extension, apparently without limitation. As the majority conceded, "[i]f the Congress were to make copyright protection permanent, then it surely would exceed the power conferred upon it by the Copyright Clause." Eldred, 239 F.3d at 377. The majority never explained how a precedent that would permit the perpetuation of protection in increments is somehow more constitutional than one which did it in

one fell swoop. As the majority noted in describing my panel dissent, "Judge Sentelle ... sees a categorical distinction between extending the term of a subsisting copyright and extending that of a prospective copyright." Id. at 379. Indeed I do. Establishing the term of a prospective copyright is not an extension, nor does it in itself implicate the authority of Congress to incrementally create perpetual exclusivity.

Contrary to my colleagues, I do not accept that it is sufficient for Congress to merely articulate some hypothetical basis to justify the claimed exercise of an enumerated power. The Copyright Clause only bestows the power "to promote the progress of science and useful arts." In exercising this power, Congress "may not overreach the restraints imposed by the stated constitutional purpose," which is "the promotion of advances in the 'useful arts.' " Graham v. John Deere Co., 383 U.S. 1, 5, 6 (1966). I accept that extending copyright terms for future works may well increase creative efforts at the margin. Once a work is published, however, extending the copyright term does absolutely nothing to induce further creative activity by the author--and how could it? The work is already published. A simple finding by Congress to the contrary is not sufficient to demonstrate that the exercise of that power is "necessary and proper." As the Supreme Court noted in Lopez and again in Morrison, that Congress concluded a given piece of legislation serves a Constitutional purpose "does not necessarily make it so." United States v. Lopez, 514 U.S. 549, 557 n.2 (1995) (citation omitted); United States v. Morrison, 120 S. Ct. 1740, 1752 (2000).

The panel concluded--wrongly in my view, see Eldred, 239 F.3d at 382-83 (Sentelle, J., dissenting)--that my interpretation of the Copyright Clause is precluded by Schnapper v. Foley, 667 F.2d 102 (D.C. Cir. 1981), which appeared to reject any meaningful limit on the scope of the copyright power. This interpretation of Schnapper erases from Article I half of the Copyright Clause--indeed, that half which defines the very power bestowed. If Schnapper indeed precludes a panel of this Court from applying the Constitution as written, then we have yet one more reason to consider this case en banc.

   The majority opinion in this case dramatically narrowed the role of amici before this Court and, in my view, effectively erased portions of the Copyright Clause of the Constitution. Though I believe that this Court should grant en banc review quite sparingly, either issue individually merits en banc review.  Because this case presents both questions, it is particularly worthy of the full Court's attention.